**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**BRIDGETTE ADAMS,**

        **Plaintiff,**        **CIVIL ACTION NO. 06-CV-15224-DT**

    vs.

        **DISTRICT JUDGE NANCY G. EDMUNDS**

**BRIDGEWATER INTERIORS,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**   Defendant Bridgewater Interiors' Motion to Dismiss filed on April 24, 2007 (docket no. 9) should be **DENIED**.

**II.**    **REPORT:**

    *A.*    *Facts and Procedural History*

    This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination based upon gender. (Docket no. 1). Plaintiff is proceeding *pro se*. Defendant Bridgewater Interiors filed a Motion to Dismiss on April 24, 2007. (Docket no. 9). Plaintiff filed a Response on May 24, 2007. (Docket no. 13). Defendant filed a Reply brief on June 8, 2007. (Docket no. 14). All pretrial matters have been referred to the undersigned for decision. (Docket no. 10). This matter is therefore ready for ruling.

    Plaintiff states in her form-based Complaint that the alleged discriminatory acts occurred from September 2005 until November 2005 at Defendant Bridgewater Interiors. (*Id.*). She filed charges with the Michigan Civil Rights Commission and the Equal Employment Opportunity Commission (EEOC). Plaintiff alleges in her Complaint that she received her Right to Sue letter from the EEOC on August

23, 2006. (*Id.* ¶ 8). Plaintiff attached to her Complaint a copy of her Right to Sue Letter which shows the "date mailed" as August 23, 2006, the same date that Plaintiff alleges she received the letter.

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleging that Plaintiff has failed to state a claim upon which relief may be granted because she failed to file this action within the 90-day time period following her receipt of her Right to Sue Letter. (Docket no. 9). Plaintiff responds by arguing that she received her letter approximately 2-3 days after the "date mailed" reflected on the letter. (Docket no. 13). Plaintiff therefore contends that her filing in this Court was timely. (*Id.*).

  B. *Standard of Review*

Defendant moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

  C. *Analysis*

A Title VII plaintiff must file her civil action in court within 90 days after the EEOC gives notice of her right to sue. 42 U.S.C. § 2000e-5(f)(1). This 90-day period starts when the plaintiff receives the right to sue letter. *Peete v. American Standard Graphic*, 885 F.2d 331, 331 (6th Cir. 1989). Defendant argues that Plaintiff missed her filing deadline by one day based on the date Plaintiff wrote in her Complaint that she received the letter. Plaintiff states there that she received the letter on the same day that it was mailed by the EEOC. However, in response to Defendant's motion Plaintiff now contends that she received the letter 2 to 3 days following its mailing. Defendant responds that this

Court is bound by the date Plaintiff wrote in her Complaint. Calculated from that date, Plaintiff filed her Complaint one day late and, according to Defendant, this action must be dismissed.

Ninety days after August 23, 2006 is November 21, 2006. Plaintiff filed her Complaint on November 22, 2006. (Docket no. 1). Therefore, if she in fact received the right to sue letter on August 23, 2006 her Complaint was not timely filed and the action should be dismissed. However, the "date mailed" on the letter itself shows that Plaintiff could not have received the letter in the mail on August 23 because that is the day it was mailed.

Although courts normally hold a plaintiff to the facts stated in the Complaint, courts have deviated from this strict rule in cases where a pro se plaintiff has mistakenly recited the date that she received an EEOC right to sue letter. *See Hare v. Edison Schs.*, 2006 WL 2546508 (W.D.N.Y. Sept. 1, 2006); *Griffin v. TNT Int'l Express,* 2006 WL 3755180 (S.D.N.Y. Dec. 20, 2006). In *Hare*, the pro se plaintiff stated in her complaint that she received her right to sue letter on the same date as the "date mailed" reflected on the letter. If this were true, plaintiff's filing was three days late. The court found that this "anomaly" precluded the entry of summary judgment for the defendant based on the argument that plaintiff's filing was not timely. In *Griffin*, the pro se plaintiff stated in his complaint that he received his right to sue letter on August 10, 2005. However, the notice indicated it was not mailed until August 11, 2005. The court gave "the pro se party the benefit of the presumption that the EEOC letter is correct in the absence of any other evidence." 2006 WL 3755180, slip copy at *2. Defendants' motion to dismiss was denied.

Similar to the holdings in those cases, here the Court finds that Plaintiff should not be strictly held to the receipt date recited in her Complaint. There is no evidence that she actually received the letter on the same day that it was mailed. This date is in all likelihood simply a mistake made by Plaintiff when completing her Complaint. The Court will take notice of the date the EEOC states that it mailed

Plaintiff her right to sue letter which was August 23, 2006. Even if only one day later the letter arrived at Plaintiff's mailing address, Plaintiff filed her Complaint within 90 days of her receipt of it. Therefore, Defendant's motion to dismiss should be denied.

### III. <u>**NOTICE TO PARTIES REGARDING OBJECTIONS**</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 04, 2007           s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 04, 2007      s/ Lisa C. Bartlett
                  Courtroom Deputy