# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIDGETTE ADAMS,

    Plaintiff,

vs.

BRIDGEWATER INTERIORS, et al.,

    Defendants.

_____/

CIVIL ACTION NO. 06-CV-15224-DT

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE MONA K. MAJZOUB

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** Dismiss without prejudice Defendant Andre Nichols pursuant to Fed. R. Civ. P. 4(m).

**II. REPORT:**

Plaintiff filed the instant Complaint on November 22, 2006. (Docket no. 1). On December 4, 2006 Plaintiff was allowed to proceed *in forma pauperis*. (Docket no. 4). In the Complaint, Plaintiff alleges employment discrimination under Title VII. The United States Marshal was directed to effectuate service without prepayment of costs. Service was attempted on Defendant Nichols at the only address that Plaintiff provided, 7500 Tank Street, Warren, Michigan. (Docket no. 11). The notice was returned unexecuted, however. Plaintiff has not offered an alternate address for Defendant Nichols.

The time for service of the summons and complaint is established under Fed. R. Civ. P. 4(m) which provides that service must be made within 120 days after the filing of the complaint. "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or upon its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m). Plaintiff has not effected

service on Defendant Nichols within the time allowed under Rule 4(m). A plaintiff proceeding *in forma pauperis* is entitled to rely on officers of the Court to effect service. *See Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). However, a plaintiff may not remain silent and do nothing to effectuate service. *Vandiver v. Martin*, 304 F. Supp. 2d 934, 943 (E.D. Mich. 2004). At a minimum, the plaintiff must request service and attempt to remedy any apparent service defects of which he has knowledge. (*Id.*).

On September 24, 2007 this Court entered an Order for Plaintiff to Show Cause why Defendant Nichols should not be dismissed pursuant to Rule 4(m). (Docket no. 17). Notice through this Order was sent to Plaintiff at her last address reported to the Court. Plaintiff, however, failed to file any response to the Order to Show Cause, and the response deadline has now passed. Plaintiff has therefore failed to show cause why Defendant Nichols should not be dismissed from this action, and he should be dismissed without prejudice.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten

days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 17, 2007             s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Bridgett Adams and Counsel of Record on this date.

Dated: October 17, 2007             s/ Lisa C. Bartlett
                                    Courtroom Deputy